IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KYLE RE, on behalf of himself and all
others similarly situated,

    Plaintiff,

  v.

THE UNITED STATES OF AMERICA,

    Defendant.

No. C 13-03518 WHA

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

## INTRODUCTION

In this putative class action, the complaint seeks pre-judgment interest on federal income tax overpayments that were reportedly used to offset debts to the United States owed by military veterans. The United States now moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The motion is **GRANTED**.

## STATEMENT

The essence of this case is as follows. This action involves a claim for $6.65, but that amount was paid to plaintiff Kyle Re before this action was filed, so all that remains is a claim for pre-judgment interest thereon. Sovereign immunity remaining unwaived for such a claim, subject-matter jurisdiction is lacking. The details of this holding now follow.

### 1. PROCEDURAL HISTORY.

This action is the third in a series of related class actions, all brought by Attorney S. Chandler Visher of San Francisco beginning in 2007, the first two having gone to judgment. In essence, these actions challenge various aspects of the Army and Air Force Exchange Service's collection of veterans' debt. To understand the government's current motion to dismiss, it is necessary to review the procedural history of the earlier actions.

The first was *Briggs v. United States of America*, C 07-05760 WHA (N.D. Cal.). Commencing in November 2007, *Briggs* involved a claim that AAFES had improperly applied finance charges on uniform clothing credit purchases by veterans. AAFES, however, removed the plaintiff's disputed interest charges before a class certification motion or an answer to the complaint was filed. Given that the plaintiff had not used his credit card since December 1993, and was therefore unlikely to be subject to any interest charge on uniform clothing purchases in the future, the finance charges claim was dismissed as moot. Much later, the parties entered into a class settlement that covered other claims, but not the claim concerning uniform clothing purchases. There was no appeal in *Briggs*.

*Russell v. United States of America*, C 9-03239 WHA (N.D. Cal.), then began in July 2009. Like *Briggs*, *Russell* asserted a claim that AAFES had improperly imposed finance charges on veterans' uniform clothing purchases. In September 2009, the government had audited approximately 170,000 accounts and had provided adjustments and refunds of improper finance charges on uniform clothing credit purchases by veterans, including by the plaintiff. The finance charge claim was then dismissed as moot. Much later, in connection with a motion for preliminary approval of a class settlement, Attorney Visher advised that the uniform clothing claims would remain, as the settlement did not provide a release as to those claims.

### 2. THE PRESENT COMPLAINT.

The present complaint alleges the following well-pled facts, which are accepted as true for the purposes of this order. From 1998 to 2006, plaintiff Kyle Re served on active duty in the United States Army. For army personnel such as Re, as well as members of the United States

Air Force, AAFES provided a credit agreement for uniform clothing purchases. AAFES is an instrumentality of the United States.

Under the AAFES's credit agreement, no finance charges were to be imposed on uniform clothing purchases. The credit agreement also provided that "charge-off" delinquent accounts would be closed and transferred to "AAFES Collections," which in turn would collect the debt in accordance with Section 6402(d) of Title 26 of the United States Code and other statutory provisions (Compl. Exh. 1 ¶ 12). According to the complaint, AAFES could and did recover a veteran's delinquent debt by referring the debt to the Department of the Treasury, which administered a collection program seizing tax refunds owed to delinquent veterans.

In December 2006, AAFES records showed that Re owed a delinquent debt of $96.01 for uniform clothing purchases. AAFES then began adding finance charges to Re's debt at a rate of six percent per annum, calculated monthly. AAFES also requested that the IRS deduct Re's debt, including the finance charges, from any income tax refund owed to Re. In February 2008, the IRS was prepared to send Re a refund for his overpayment of federal income taxes from 2007 but AAFES caused an offset to be made against Re's tax overpayment to pay off his uniform clothing debt and the finance charges imposed therein. By that point, Re had accrued "$6.xx of finance charges calculated at 6%" (Compl. ¶ 16). The government concedes that this amount was $6.65.

In 2009, AAFES mailed checks to refund veterans for finance charges that had been imposed on their uniform clothing debts. However, an "estimated 35,000 [uniform clothing] finance charge refund checks [] were not cashed from the September 2009 refunds," because AAFES allegedly did not use updated mailing addresses for those veterans. In April 2013, AAFES mailed the uncashed, refund checks from 2009 again. According to the complaint, Re "has never received . . . the *interest* for delay in payment of his 2007 tax refund caused by the improper deduction therefrom of his [uniform clothing] debt finance charge" (*id.* ¶¶ 17, 19, 28) (emphasis added). In other words, while he got back the $6.65 finance charge, he had not received pre-judgment interest thereon, an amount that would be less than one dollar.

3

Following the two related cases involving allegations of improper debt-collection practices by AAFES — *Briggs* and *Russell* — Attorney Visher filed the instant class action complaint on July 30, 2013, proposing Re as a class representative. As its only claim, the complaint alleges that AAFES improperly imposed finance charges on veterans' uniform clothing debts and offset these charges with these veterans' federal income tax refunds. The complaint then requests that the government pay (1) the portion of tax overpayments that were due to veterans but which were instead withheld to offset improper finance charges; and (2) the pre-judgment interest on those withheld portions of tax overpayments.

The government now moves to dismiss the complaint with prejudice under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Following full briefing and oral argument, the order considers the motion below.

**ANALYSIS**

This is a motion to dismiss for lack of subject-matter jurisdiction. Because this order resolves the government's motion on the grounds that there is no subject-matter jurisdiction, it is unnecessary to discuss Rule 12(b)(6).

At hearing, both sides agreed that the only issue left to be resolved was the complaint's request for pre-judgment interest, and not the claim for the withheld portion of tax overpayments (*see also* Opp. 3). In light of this concession, this order need not address the issue of standing, as raised by the government, or the withheld portion of tax overpayments. The motion as to this claim is therefore **GRANTED**.

The government asserts that the complaint's request for pre-judgment interest must also be dismissed because there has been no waiver of sovereign immunity and thus, no subject-matter jurisdiction over such a request.

Our court of appeals has determined that the issue of sovereign immunity goes to subject-matter jurisdiction. *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011). Furthermore, "interest cannot be awarded against the United States unless it has expressly waived its sovereign immunity." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 280 (1989). As a result, Re

4

can only recover the pre-judgment interest if he identifies a specific statute that expressly waives sovereign immunity.

Re contends that Section 6611(a) of Title 26 of the United States Code provides such an express waiver. Section 6611(a) states: "Interest shall be allowed and paid upon *any overpayment in respect of any internal revenue tax* at the overpayment rate established under [S]ection 6621" (emphasis added). Because the complaint alleges that a portion of Re's tax overpayment was withheld to offset improper finance charges, and both parties assume the complaint's allegations to be true for purposes of the instant motion, Re contends that Section 6611(a) allows him to recover pre-judgment interest on the withheld portion of his tax overpayment.

The complaint, however, includes an exhibit on the applicable AAFES credit agreement for Re's uniform clothing debt. Under this credit agreement, "[d]elinquent accounts deemed not accountable" are transferred to "AAFES Collections," which then "collects debts in accordance with . . . *26 USC 6402(d)* and USC 3720A and the Federal Claims Collection [A]ct of 1966" (Compl. Exh. 1 ¶ 12) (emphasis added). Section 6402(d), in turn, describes how debts to federal agencies are collected by offsetting the debt against tax overpayments otherwise due, as was the situation here. Section 6402(d) is further referenced by Section 6402(g) (emphasis added):

> **Review of reductions.**--No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c), (d), (e), or (f). No such reduction shall be subject to review by the Secretary in an administrative proceeding. *No action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax . . . .*

The complaint's exhibit thus demonstrates that Re's claim cannot be viewed as one for tax overpayment. This is because Section 6402(g) bars an action to recover a Section 6402(d) offset — like the one involved with Re — from being deemed a "suit for refund of tax." Without a claim for tax overpayments, the order therefore holds that Re cannot recover pre-judgment interest thereon under Section 6611(a).

Here the order pauses to note that this finding is consistent with *Briggs*, in which the undersigned judge found that pre-judgment interest could not be recovered on improperly

5

withheld tax refunds. C 07-05760 WHA, 2009 WL 1176297, *7 (N.D. Cal. Apr. 30, 2009). Relying on *Steiner v. Nelson*, 309 F.2d 19 (7th Cir. 1962), *Briggs* stated that "interest cannot be recovered under Section 6611 absent a determination that the plaintiff had made tax overpayments." *Briggs* then found that Section 6402(g) prohibited the plaintiff from recasting his claim for illegal administrative offsets as a claim for tax overpayment, such that the plaintiff could not recover pre-judgment interest under Section 6611(a). So too here.

Nonetheless, Re tries to distinguish his claim for pre-judgment interest by arguing that there is a difference between "a suit to invalidate an offset" and "a suit for refund of tax." According to Re, the difference is that with the former, the government recognizes a tax overpayment but then uses that overpayment to offset a non-tax debt owed to the government. Re asserts that this is what happened here. With a suit for refund of tax, the government uses the money to pay tax debts; in other words, the government does not admit that any overpayment exists to be refunded. Re thus suggests that the government has already conceded to the allegation of tax overpayments, by virtue of using such overpayments to offset finance charges.

The order disagrees. Re's attempt to characterize his claim as a suit to invalidate an offset does not explain away Section 6402(g). To this point, Re contends that Section 6402(g)'s reference to a suit for refund of tax "has nothing to do with whether interest is due on an overpayment" and that "[t]he most likely purpose of this provision is to avoid any confusion on whether a suit to invalidate an offset has to follow the very special statutory procedures required of a 'suit for refund of tax'" (Opp. 8–9). For support, Re relies on several statutory provisions that, in his view, distinguish suits to invalidate an offset from suits for refund of tax by providing different procedural rules for each. *See* 26 U.S.C. 6532(a), 6511(a); *and* 28 U.S.C. 1346(a)(1)–(2), 2401(a), 2402, 7422(a).

The provisions cited above do not support Re's distinction. Indeed, they do not even mention "a suit to invalidate an offset." These provisions instead address civil actions in general, or else suits involving tax recovery. As such, the supposed distinction has not been shown. Section 6402(g) still prevents Re's claim from being considered a claim for tax overpayments in the first place, just as in *Briggs*.

6

Accordingly, Section 6611(a) does not provide Re with the express waiver of sovereign immunity needed to recover pre-judgment interest. There is thus no subject-matter jurisdiction over the complaint's request for such interest, and the motion is **GRANTED**.

## CONCLUSION

For the reasons discussed above, the government's motion to dismiss under Rule 12(b)(1) is **GRANTED**. The complaint is **DISMISSED** without leave to amend, as any amendment would be futile. Judgment will be entered in a separate order. The Clerk shall **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: December 12, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7