United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KYLE RE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

No. C 13-03518 WHA

**ORDER DENYING MOTION TO CORRECT AND VACATING HEARING**

## INTRODUCTION

In this putative class action, plaintiff moves pursuant to Federal Rule of Civil Procedure 60(a) to correct a prior order. For the reasons stated below, the motion is **DENIED**. The hearing on February 6, 2014, is **VACATED**.

## STATEMENT

The background of this action is set forth in a prior order (D.t. No. 37). In short, this action is the third in a series of related class actions, all brought by Attorney S. Chandler Visher of San Francisco, and all challenging the Army and Air Force Exchange Service's collection of military veterans' debts. The present complaint seeks pre-judgment interest on federal income tax overpayments reportedly withheld to offset veterans' debts to the United States. In plaintiff Kyle Re's case, both sides agree that such interest would be calculated on an amount of $6.65, which the government has already refunded to him.

On December 12, 2013, an order granted the government's motion to dismiss the complaint for lack of subject-matter jurisdiction.  Plaintiff now moves to correct that order under Federal Rule of Civil Procedure 60(a), proposing two sets of changes.

**ANALYSIS**

Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Although the rule allows for correction of clerical errors and oversights, it does not permit correction of substantive mistakes.  Indeed, *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987), states:

> The basic distinction between "clerical mistakes" and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of "blunders in execution" whereas the latter consist of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

Our court of appeals has since reiterated this in *Dible v. City of Chandler*, 361 F. App'x 790, 791 (9th Cir. 2010), citing to *Blanton* and noting that only "clerical mistakes" are correctable under Rule 60(a).

Here, plaintiff moves to correct the December 12 order in two ways.  *First*, he requests that the order be edited to recognize the "United States rule," such that the government's refund is applied to the alleged pre-judgment interest *before* it is applied to withheld tax overpayment. *Opperman v. Allied Mut. Ins. Co.*, 652 N.W.2d 139, 143 (Iowa 2002).  *Second*, plaintiff asks to change an "apparent misstatement of fact" so that the order acknowledges the jurisdictional and procedural distinctions between suits for refund of tax and civil actions in general (Br. 5).  To this end, he argues (Reply 9):

> [The December 12 order] needs to clarify that it recognizes that the procedural requirements for a suit for refund of tax differ from those applicable to a suit for recovery of an overpayment non-tax debt offset, or a suit solely for pre-judgment interest on the overpayment, are different.

2

The above changes, however, are based on alleged substantive legal or factual mistakes with the December 12 order, despite what plaintiff otherwise contends (Reply 8). As such, the changes fall beyond the scope of clerical mistakes and oversights permitted under Rule 60(a). *See Blanton*, 813 F.2d at 1577. Given that plaintiff explicitly moves to correct the December 12 order under Rule 60(a) — and no other basis — his motion must be **DENIED**. Please do not raise on appeal any new items raised on this motion as grounds for reversal.

### CONCLUSION

For the reasons stated above, plaintiff's motion under Rule 60(a) is **DENIED**. The hearing on February 6, 2014, is accordingly **VACATED**.

**IT IS SO ORDERED.**

Dated: January 27, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE